NO. 13-55820

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
_____

JAMES HERMAN, et al.,

*Plaintiff-Appellant*,

v.

US BANK NATIONAL
ASSOCIATION, AS TRUSTEE
FOR THE BENEFIT OF
HARBORVIEW 2005-1 TRUST
FUND, et al.,

*Defendants-Appellees*.
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

Appeal from United States District Court for the Central District of California
Civil Case No. 13-CV-0233 JFW (Honorable John F. Walter)
_____

### PLAINTIFF-APPELLANT'S OPENING BRIEF

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

Jeremy J. Alberts                         Batkhand Zoljargal
THE ALBERTS FIRM                          THE ALBERTS FIRM
1600 N. Broadway, 10th Floor              1600 N. Broadway, 10th Floor
Santa Ana, CA 92706                       Santa Ana, CA 92706
(714) 441-1144 Phone                      (714) 441-1144 Phone
(714) 547-7633 Fax                        (714) 547-7633 Fax

*Attorneys for Plaintiff-Appellant James Herman*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT..........................................................1

STATEMENT OF JURISDICTION ....................................................2

STATEMENT OF ISSUES PRESENTED FOR REVIEW................................2

STATEMENT OF THE CASE ..........................................................2

STAEMENT OF FACTS ................................................................3

SUMMARY ARGUMENT..............................................................8

STANDARD FOR REVIEW............................................................10

ARGUMENT ..............................................................................10

I.  PLANTIFF SUFFICIENTLY ALLEGED A CAUSE OF ACTION FOR NEGLIGENCE BECAUSE, UNDER NYMARK TEST, US BANK AND BANK OF AMERICA OWED DUTY OF CARE TO PLAINTIFF .......10

II.  PLAINTIFF SUFFICIENTLY ALLEGED A CAUSE OF ACTION FOR WRONGFUL FORECLOSURE AND TO SET ASIDE TRUSTEE'S SALE ................................................................14

A. The Sale Of Plaintiff's Property Was Illegal, Fraudulent And Willfully Oppressive Because Plaintiff's Deed Of Trust Was Transferred To The Harborview Trust After Its Closing Date ..........................................16

B. Plaintiff Is Not Required To Tender Because The Foreclosure Was Invlaid And Not Merely Procedurally Flawed, And Because Plaintiff Attacked The Validity Of The Debt Owed To Defendant US Bank..........................................................................19

C. There Is Prejudice To Plaintiff Because US Bank Lacked Standing To Demand Payments Or Foreclose On Plaintiff's Property...................21

CONCLUSION ..........................................................................22

# TABLE OF AUTHORITIES

Page

**Cases**

*Ansanelli v. JP Morgan Chase Bank, N.A.,*

    2011 WL 1134451 (N.D. Cal. March 28, 2011) ...........................................11

*Barrionuevo v. Chase Bank, N.A.,*

    885 F. Supp. 2d 964 (N.D. Cal. 2012) ...........................................................20

*Biakanja v. Irving*,

    49 Cal.2d 647 (1958) ....................................................................................12

*Brown v. Spohr,*

    180 N.Y. 201 (N.Y. 1904) .............................................................................18

*Fontenot v. Wells Fargo Bank, NA.,*

    198 Cal. App. 4th 256 (2011) .......................................................................15

*Garcia v. Ocwen Loan Servicing, LLC,*

    2010 WL 1881098 (2010) .............................................................................12

*Gardner v. American Home Mortg. Serv., Inc.,*

    691 F. Supp. 2d 1192 (E.D. Cal 2010) .........................................................11

*Johnson v. Buckley*,

    356 F.3d 1067 (9th Cir. 2004) ......................................................................10

*Jolley v. Chase Home Finance, LLC*

    213 Cal. App. 4th 872 (2013) ......................................................................11

*Lana v. US Bank, N.A.,*

   2011 WL 6391584 (Cal. App. 6 Dist. Dec. 21, 2011) ..................................19

*Lona v. Citibank, N.A.,*

   202 Cal. App. 4th 89, 134 Cal. Rptr. 3d 622 (2011) ...................................15

*Merrill v. Navegar, Inc.,*

   26 Cal.4th 465, 110 Cal.Rptr.2d 370, 28 P.3d 116 (2001) ..........................10

*Montoya v. Countrywide Bank*,

   2009 WL 1813937 (N.D. Cal. June 25, 2009) .............................................19

*Nymark v. Heart Fed. Sav. & Loan Association,*

   231 Cal. App. 3d 1089 (1991) ...............................................8, 10, 11, 14, 18

*Onofrio v. Rice,*

   55 Cal. App. 4th 413 (1997) ...............................................................19, 20

*Osei v. Countrywide Loans*,

   692 F. Supp. 2d 1240 (E.D. Cal. 2010) ......................................................11

*Sacchi v. Mortgage Electronic Registration Systems, Inc.,*

   2011 W.L. 2533029, 2011 U.S. Dist. Lexis 68007 (2011) .........................15

*Schafer v. CitiMortgage, Inc.,*

   No. CV 11-03919 ODW, 2011 WL 2437267 (C.D. Cal. June 15, 2011) …15

*Schneider v. California Dept. of Corrections*,

   151 F.3d 1194 (9th Cir.1998) ....................................................................10

*Stockton v. Newman,*

   148 Cal. App. 2d 558 (1957) .....................................................................19

*Susilo v. Wells Fargo Bank, N.A.,*

    796 F. Supp. 2d 1177 (C.D. Cal. 2011) ........................................................11

*Tamburri v. Suntrust Mortg., Inc.,*

    No. CV 11-02899, 2011 WL 6294472 (N.D. Cal. Dec. 15, 2011) .........20, 21

*Vogan v. Wells Fargo et al.,*

    No. 11-cv-2098-JAM-KJN, 2011 WL 5826016 (N.D. Cal. Nov. 11,

    2011)…………………………………………………...……………..14-15

*West v. JPMorgan Chase Bank, N.A.,*

    ___Cal. Rptr. 3d ___, 2013 WL 1104739, at 10 (2013) ..............................16

*Zimmerman v. City of Oakland*,

    255 F.3d 734 (9th Cir. 2001) ........................................................................10

**Statutes**

15 U.S.C. § 1692 ...............................................................................................2-3

28 U.S.C. § 1291 ...................................................................................................2

28 U.S.C. § 1331 ...................................................................................................2

28 U.S.C. § 1641(g) ..............................................................................................2

28 U.S.C. §§ 2201, 2202 .......................................................................................2

**California Code of Civil Procedures**

California Civil Code § 2923.6 ............................................................................14

California Civil Code § 2924, 2924(a)(1) .....................................................15, 16

**Federal Rules of Appellate Procedures**

FED. R. APP. P. 4(a)(2), 4(a)(1)(A) ......................................................................2

**Federal Rules of Civil Procedure**

Rule 12(b)(6) ...................................................................................................10

**Treatises**

Miller & Starr, Cal. Real Estate (2d ed. 1989) Deed of Trust & Mortgages…..19

## PRELIMINARY STATEMENT

Through the instant lawsuit, Plaintiff/Appellant James Herman ("Plaintiff") sought to recover damages for negligent acts of Defendant US Bank National Association, as Trustee, for the Harborview 2005-1 Trust Fund ("US Bank") and Defendant BAC Home Loans Servicing, LP ("Bank of America") in mishandling Plaintiff's request for a loan modification.

In addition, Plaintiff sought to establish that US Bank as Trustee for the Harborview 2005-1 Trust Fund ("Harborview Trust") is not his true creditor and as such has no legal, equitable, or pecuniary right in the debt obligation  secured by the real property located at 9625 Oak Pass Road, Beverly Hills, CA 90210 ("Property" or "Home").

However, Plaintiff did not seek to challenge or assert the rights of the trustee or the investors of the Harborview Trust.  The only relevance that the Harborview Trust has to Plaintiff's claims is that there must be a determination of whether or not the Harborview Trust has standing to assert to be Plaintiff's creditor as to foreclose on Plaintiff's Property.

The district court granted the motion to dismiss Plaintiff's complaint filed by Defendants US Bank and Bank of America, dismissing Plaintiff's claims without leave to amend, and entered a judgment, with prejudice, against Plaintiff and for Defendants.

///

///

## STATEMENT OF JURISDICTION

The district court had subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff brought claims arising under federal law.  This Court has jurisdiction pursuant to 28 U.S.C. § 1291.  The district court's judgment is an appealable final decision.  The district court issued its ruling and ordered entry of judgment on April 02, 2013; it entered judgment on April 12, 2013.  Appellant timely filed a Notice of Appeal on May 10, 2013.  *See* FED. R. APP. P. 4(a)(2), 4(a)(1)(A).

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1.  Whether Plaintiff stated a cause of action for negligence by showing that US Bank and Bank of America owed duty of care to him.

2.  Whether Plaintiff stated a cause of action for wrongful foreclosure by showing that US Bank did not have power to foreclose on Plaintiff's Property because Plaintiff's Deed of Trust was assigned to US Bank as Trustee after the Closing Date of the Harborview Trust.

## STATEMENT OF THE CASE

On January 11, 2013, Plaintiff filed his complaint with the United States District Court Central District of California (Case No. CV 13-00233-JFW (RZx)). *See* Plaintiff-Appellant's Excerpts of Record at page 15. Plaintiff alleged Declaratory Relief [28 U.S.C. §§ 2201, 2202], Negligence, Violation of the Helping Families Save Their Homes Act of 2009 [28 U.S.C. § 1641(g)], Violation of the Fair Debt Collection Practices Act (FDCPA) [15 U.S.C. §

1692, et. seq.], Wrongful Foreclosure and to Set Aside Trustee's Sale, and Quiet Title. *See* Plaintiff-Appellant's Excerpts of Record at pages 15-16.

On February 19, 2013, Defendants US Bank and Bank of America filed a Motion to Dismiss Plaintiff's Complaint ("Motion"). *See* Plaintiff-Appellant's Excerpts of Record at page 4. On March 18, 2013, Plaintiff filed his Opposition to Defendants' Motion. *Id.* On March 25, 2013, Defendants filed a Reply. *Id.* The District Court took Defendants' Motion under submission without oral argument, pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15. *See* Plaintiff-Appellant's Excerpts of Record at page 8. On April 02, 2013, the Court granted Defendants' Motion, in its entirety, without leave to amend. *See* Plaintiff-Appellant's Excerpts of Record at pages 8-14. On April 12, the Court issued a Judgment, with prejudice, against Plaintiff and for Defendants. *See* Plaintiff-Appellant's Excerpts of Record at pages 6-7. Plaintiff filed this appeal on May 10, 2013. *See* Plaintiff-Appellant's Excerpts of Record at page 1.

## STATEMENT OF FACTS

On or around January 14, 2005, Plaintiff herein executed a Note ("Note") and Deed of Trust ("Deed of Trust") in favor of America's Wholesale Lender, which is a DBA of Countrywide Home Loans, Inc. ("Countrywide"), and Mortgage Electronic Registration Systems ("MERS") as a nominal beneficiary thus obtaining a mortgage loan on his home. Complaint, ¶ 29. *See* Plaintiff-Appellant's Excerpts of Record at page 22.

- 3 -

Plaintiff's suffered a temporary hardship in 2008, whereby his long-term exclusive client ended an investment relationship solely to the economic climate.  Plaintiff, still current on his loan and with perfect credit, contacted his lender, Countrywide, and notified that that he would like to explore forbearance and further loan modification rather than missing a single payment or damaging his credit. Complaint ¶ 17. *See* Plaintiff-Appellant's Excerpts of Record at page 19.

Plaintiff went to Countrywide's office in Beverly Hills at Wilshire and Camden and met with a representative. The representative told Plaintiff to stop paying the loan immediately because he could not determine who owned the Loan and even stated that "it was likely owned by more than 100 people." Complaint ¶ 62. *See* Plaintiff-Appellant's Excerpts of Record at page 29.

On or about August 11, 2008, Plaintiff sent a letter to Countrywide's Home Retention Department emphasizing, amongst other things, that Plaintiff had been suffering a temporary hardship, Plaintiff had perfect credit, Plaintiff had never been late on a mortgage payment and that Plaintiff had had other loans with Countrywide in the past without deviating from the terms of any of those loans. Countrywide did not respond to Plaintiff's request. Complaint, ¶ 17. *See* Plaintiff-Appellant's Excerpts of Record at page 19.

On or about November 21, 2011, Recontrust Company N.A. ("Recontrust") recorded a Notice of Default ("Notice of Default") with a declaration from Defendant Bank of America stating that attempts to contact

Plaintiff were made with due diligence. But Plaintiff had not received any communications, phone calls or mail from Bank of America prior to the Notice of Default. Complaint, ¶ 18. *Id.*

Through repeated attempts to contact Bank of America, Plaintiff discovered that Elise Fuller was the assigned representative on his Bank of America account. On or about June 10, 2012, Plaintiff immediately wrote a letter to Elise Fuller stating that he would like to begin making payments immediately and to modify the loan to create a final balloon payment, restating the facts of the hardship, detailing Plaintiff's efforts to make payments, modify the loan and retain his Home. Elise Fuller did not respond to the letter or return Plaintiff's phone calls. Complaint, ¶ 19. *See* Plaintiff-Appellant's Excerpts of Record at page 20.

In or about July 2012, again through Plaintiff's independent investigation, Plaintiff discovered that his representative was now Kevin Currie. Mr. Currie requested that the letter sent to Elise Fuller be resubmitted to him. Mr. Currie stated that he would submit the offer to make payments on Plaintiff's behalf. On or about August 9, 2012, Mr. Currie informed Plaintiff that he had not heard anything regarding the offer to make payments and that he would request a postponement. He requested a letter stating that Plaintiff planned to sell shares of stock in order to keep the home. Plaintiff faxed the letter to Mr. Currie on or about August 9, 2012. For the several days following this communication,

Plaintiff attempted to reach Mr. Currie by fax and email. Those attempts received no answer. Complaint, ¶¶ 20-21. *Id.*

On or about August 15, 2012, Plaintiff emailed Mr. Currie again, with a copy sent to Karen Metaxas, Mr. Currie's supervisor. On or about August 17, 2012, Plaintiff finally reached Karen Metaxas and asked about the status of the postponement, noting that Mr. Currie had not returned his emails or phone calls. Karen Metaxas replied, "I have no idea, but I do know if it were up to me, I would not do anything to help you." On or about August 17, 2012, Bank of America sent Plaintiff a letter stating that its representatives received his request for a loan modification, and that they would respond to the request after a review. Plaintiff's Home was sold at a trustee's sale ("Trustee's Sale") in or about three days after that letter was received by Plaintiff. Complaint, ¶¶ 22-23. *See* Plaintiff-Appellant's Excerpts of Record at pages 20-21.

On or about August 20, 2012, Plaintiff reached Karen Metaxas to ask if she had reached anyone regarding postponement of the foreclosure. She responded, "Sorry, it's a bit too late." Plaintiff made multiple attempts to contact her after that, with no response. On or about August 22, 2012, Plaintiff received a letter noting that his Home was not eligible for short sale due to the type of loan and the requirements of the investor. Complaint, ¶¶ 24-25. *See* Plaintiff-Appellant's Excerpts of Record at page 21.

In addition, Plaintiff alleged in his Complaint that the loan offered to Plaintiff at the inception of the loan herein was particularly unsuitable for his

needs. However, Countrywide knew that it would have no liability for Plaintiff's default because at the time of the loan's origination, Countrywide securitized and sold Plaintiff's Note to investors by virtue of creating a securitized trust. Complaint, ¶ 30. *See* Plaintiff-Appellant's Excerpts of Record at page 22. That trust was formed on or around February 1, 2005 by the execution of a trust agreement, which is known in the industry as a Pooling and Servicing Agreement ("PSA"). The Harborview Trust herein had a closing date of February 28, 2005 ("Closing Date"). Complaint, ¶ 38. *See* Plaintiff-Appellant's Excerpts of Record at page 24.

The PSA for Harborview Trust stated, in the pertinent parts, that on the closing date, the depositor would transfer to the Trust all of its right, title and interest in the mortgage loans, together with the related mortgage notes, deeds of trust and other related documents, including all scheduled payments with respect to each mortgage loan due after the cut-off date. Concurrently with the transfer, upon order of the depositor, the trustee would deliver the certificates to the depositor. Complaint, ¶ 38. *Id.*

In the instant case, the Note and Deed of Trust were not assigned to the Harborview Trust until November 14, 2011, well past the February 28, 2005 Closing Date. By the PSA's own terms, Plaintiff's Note could not have been a part of the Harborview Trust. Complaint, ¶ 41. *See* Plaintiff-Appellant's Excerpts of Record at page 25.

The PSA required a complete chain of endorsements to be in place by the Trust's Closing Date or under no circumstances later than 90 days after the Trust's Closing Date. In this case, Plaintiff's Note does not contain a complete chain of endorsements. Complaint, ¶¶ 43-44. *See* Plaintiff-Appellant's Excerpts of Record at pages 25-26.

Due to Defendants' conduct, Plaintiff have been damaged in the following ways: (1) Plaintiff has been paying the wrong party for an undetermined amount of time and overpaid in interest that was overcalculated; (2) Plaintiff has suffered damage to credit; (3) the title of Plaintiff's Home has been lost through wrongful foreclosure; (4) Plaintiff faced an eviction from his Home; (5) Plaintiff has expended significant funds to cover the cost of attorneys' fees and related costs; (6) Plaintiff's reputations has diminished in the community; and (7) multiple parties may seek to enforce their debt obligations against Plaintiff. Complaint, ¶ 68. *See* Plaintiff-Appellant's Excerpts of Record at pages 30-31.

## SUMMARY OF ARGUMENT

Plaintiff stated a cause of action for negligence against US Bank as Trustee for the Harborview Trust, as a lender, and Bank of America, as a servicer.  Defendants owed duty of care to Plaintiff under *Nymark* test because the loan modification transaction was "intended to affect" Plaintiff since a result on his loan modification application would have determined whether he could keep his Home. It was foreseeable that unless Plaintiff had an opportunity to

modify his loan, he would lose his home at the trustee's sale. It was also certain that Plaintiff lost an opportunity to obtain a loan modification when Defendants mishandled Plaintiff's request for a loan modification as a request for a short sale. Defendants' handling the loan modification process and failure to postpone the trustee's sale as promised resulted in the loss of Plaintiff's house. At last, there is certain blame attached to Defendants' mishandling of Plaintiff's loan modification process. And there is a clear public policy of helping homeowners caught in the foreclosure crisis and/or preventing negligent conduct during loan modification process on the federal and state levels.

Plaintiff satisfied the elements of a cause of action to set aside a wrongful foreclosure because Defendant US Bank caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust. But US Bank did not have rights under Plaintiff's Deed of Trust because the Deed of Trust was transferred to the Harborview Trust after its Closing Date. Plaintiff is not required to tender because tendering the debt owed to US Bank would validate the debt which Plaintiff is attacking in the first place. And the basis for Plaintiff's suit is that the foreclosure was invalid and not merely procedurally flawed, thus, compliance with the tender rule is not required at this stage. Finally, there is prejudice to Plaintiff because Defendant US Bank initiated foreclosure prior to acquiring beneficial interest in the Deed of Trust.

///

## STANDARD OF REVIEW

"The focus of any rule 12(b)(6) dismissal—both in the trial court and on appeal—is the complaint." *Schneider v. California Dep't of Corrections*, 151 F.3d 1194, at 1197 n. 1 (9th Cir.1998). We review dismissals under Rule 12(b)(6) *de novo*, accepting as true all well-pleaded allegations of fact in the complaint and construing them in the light most favorable to the Plaintiff. *Zimmerman v. City of Oakland*, 255 F.3d 734, at 737 (9th Cir.2001).

The trial court's denial of leave to amend a complaint is reviewed for an abuse of discretion. *Johnson v. Buckley*, 356 F.3d 1067, at 1077 (9th Cir.2004).

## LEGAL ARGUMENT

**I.    PLAINTIFF SUFFICIENTLY ALLEGED A CAUSE OF ACTION FOR NEGLIGENCE BECAUSE, UNDER NYMARK TEST, US BANK AND BANK OF AMERICA OWED DUTY OF CARE TO PLAINTIFF.**

The elements of a negligence cause of action are (1) the existence of a duty to exercise due care, (2) breach of that duty, (3) causation, and (4) damages. *See Merrill v. Navegar, Inc.,* 26 Cal.4th 465, at 500, 110 Cal.Rptr.2d 370, 28 P.3d 116 (2001).

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n,* 231 Cal. App. 3d 1089, at 1096, 283 Cal. Rptr. 53 (1991) (internal citations omitted). However, district courts have found that a

lender may owe a general duty of care sufficient to support a negligence claim. *See Ansanelli v. JP Morgan Chase Bank, N.A.,* 2011 WL 1134451, at 7 (N.D. Cal. March 28, 2011) (a lender may owe a duty of care when the lender goes "beyond its role as a silent lender and loan servicer to offer an opportunity to plaintiffs for loan modification and to engage with them concerning the trial period plan."); *Osei v. Countrywide Loans*, 692 F. Supp. 2d 1240 (E.D. Cal. 2010) ("[a] lender may owe a duty of care sounding in negligence to a borrower when the lender's activities exceed those of a conventional lender.") In addition, this Court should not ignore the very recent decision of the Court of Appeals of California in *Jolley v. Chase Home Finance, LLC* (2013) 213 Cal. App. 4th 872. After a thorough discussion of the general 'no duty rule' and recent changes in policy of finding some duty on lenders, the Court of Appeals concluded that "the determination that Chase owed no duty to Jolley was error." *Id.* at 906.

Moreover, district courts in California have held that a loan servicer may owe a duty of care in certain circumstances. *See, e.g., Susilo v. Wells Fargo Bank, N.A.,* 796 F. Supp. 2d 1177, at 1187-88 (C.D. Cal. 2011) (servicer owed duty of care to disclose reinstatement amount to plaintiff); *Gardner v. American Home Mortg. Serv., Inc.,* 691 F. Supp. 2d 1192, at 1199 (E.D. Cal 2010) (servicer owed duty not to accept payments to which it was not entitled).

Under certain circumstances, a lender may owe a duty of care to a borrower in the context of a particular transaction. *Nymark,* 231 Cal. App. 3d at 1093. In determining whether a duty of care existed, courts consider the

following factors: (1) the extent to which the transaction intended to affect the plaintiffs; (2) the foreseeability of harm to them; (3) the degree of certainty that the plaintiffs suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury suffered; (5) the moral blame attached to the defendant's conduct; and (6) the policy of preventing future harm. *Id.* at 1098 (citing *Biakanja v. Irving*, 49 Cal.2d 647, at 650, 320 P.2d 16, at 19 (1958)).

In *Garcia,* the district court applied this test to find that the defendant owed a duty of care in processing the plaintiff's loan modification application. *Garcia v. Ocwen Loan Servicing, LLC,* 2010 WL 1881098 at 8. There, the borrower plaintiff applied to the lender defendant for loan modification. *Id.* at 1. The defendant asked the plaintiff to submit various documents in connection with the loan modification request. *Id.* The plaintiff did so, but upon receiving the documents, the defendant routed them to the wrong department. *Id.* For the next several weeks, the plaintiff's agent repeatedly tried to contact the defendant to determine which documents were missing, but he was unable to speak with any of the defendant's employees until the plaintiff's house was sold at a trustee's sale. *Id.* The court found that "by asking Plaintiff to submit supporting documentation, Defendant undertook the activity of processing Plaintiff's loan modification request. Having undertaken that task, it owed Plaintiff a duty to exercise ordinary care in carrying out that task." *Id.* at 4.

As in *Garcia,* application of the *Nymark* test to the facts of the current case leads to the same result. Here, Defendant US Bank and its agent,

- 12 -

Defendant Bank of America, advised Plaintiff to stop paying his mortgage payments in order to be considered for a loan modification (Complaint ¶ 62, *See* Plaintiff-Appellant's Excerpts of Record at page 29), engaged Plaintiff in loan modification process asking him to send documents and promising to postpone the trustee sale (Complaint ¶ 21, *See* Plaintiff-Appellant's Excerpts of Record at page 20), and mistreated Plaintiff's request for a loan modification as one for a short sale (Complaint ¶ 25, *See* Plaintiff-Appellant's Excerpts of Record at page 21). First, the loan modification transaction was "intended to affect" Plaintiff because a result on the loan modification application would have determined whether he could keep his Home. Plaintiff was the party in direct communication with Defendants. Second, it was foreseeable that unless Plaintiff had an opportunity to modify his loan, he would lose his home at the Trustee's Sale. Third, it was also certain that Plaintiff lost an opportunity to obtain a loan modification when Plaintiff's request for a loan modification was treated as a request for a short sale. Fourth, Defendants' mishandling the loan modification request and failure to postpone the trustee's sale as promised resulted in the loss of Plaintiff's Property. Fifth, after the recent years of economic recession connected with the real estate market troubles of all sorts, banks can hardly avoid blame for their handling of mortgage loans. Sixth, there is clear public policy of helping homeowners caught in the foreclosure crisis on the federal level (*See* "Making Home Affordable Program" at MakingHomeAffordable.gov) and preventing negligent conduct during loan

modification process on the state level (*See* "Homeowners Bill of Rights," codified in California Civil Code, Section 2923.6). There may be no duty on lenders to grant loan modifications, but there is a duty on Defendant US Bank to act in a reasonable manner as any other reasonable person in handling Plaintiff's loan modification process.

Defendants US Bank and Bank of America breached their duty of care to Plaintiff by advising him to stop paying his mortgage payments in order to be considered for a loan modification (Complaint ¶ 62, *See* Plaintiff-Appellant's Excerpts of Record at page 29), untruthfully promising to postpone the trustee sale (Complaint ¶ 21, *See* Plaintiff-Appellant's Excerpts of Record at page 20), and mistreating Plaintiff's request for a loan modification as one for a short sale (Complaint ¶ 25, *See* Plaintiff-Appellant's Excerpts of Record at page 22.). Defendants' breach caused Plaintiff to lose his opportunity to have his loan modified and save his Home from the Trustee's Sale. Plaintiff's Property was sold at the Trustee's Sale.

Therefore, because US Bank and Bank of America owed duty of care to Plaintiff and breached such duty causing Plaintiff to lose his Home, Plaintiff has sufficiently alleged a cause of action for negligence.

## II.    PLAINTIFF SUFFICIENTLY ALLEGED A CAUSE OF ACTION FOR WRONGFUL FORECLOSURE AND SET ASIDE TRUSTEE'S SALE.

Courts have recognized a borrower's right to bring claims challenging a party's interest under a deed of trust.  *See Vogan v. Wells Fargo et al.,* No. 11-

cv-2098-JAM-KJN, 2011 WL 5826016, at 7 (N.D. Cal.Nov. 11, 2011); *Schafer v. CitiMortgage, Inc.,* No. CV 11-03919 ODW, 2011 WL 2437267, at 4 (C.D. Cal. June 15, 2011); *Sacchi v. Mortgage Electronic Registration Systems, Inc.,* No. CV 11-1658ARM, 2011 WL 2533029, at 5 (C.D. Cal. June 24, 2011) ("It is true, as Defendants repeatedly assert, that California Civil Code § 2924, et seq. authorizes non-judicial foreclosures in this state. It is not the case, however, that the availability of a nonjudicial foreclosure process somehow exempts lenders, trustees, beneficiaries, servicers and the numerous other (sometimes ephemeral) entities involved in dealing with Plaintiffs from following the law."). Indeed, one of the very purposes of California's nonjudicial foreclosure statutes is "to protect the debtor/trustor from wrongful loss of the property." *Fontenot v. Wells Fargo Bank, NA.,* 198 Cal. App. 4th 256, at 270 (2011) (internal quotations omitted).

The elements of a cause of action to set aside a foreclosure sale are: (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering. *Lona v. Citibank, N.A.,* 202 Cal. App. 4th 89, at 104, 134 Cal. Rptr. 3d 622 (2011). Plaintiff here has adequately pleaded all three elements.

**A.    The Sale Of Plaintiff's Property Was Illegal, Fraudulent And Willfully Oppressive Because Plaintiff's Deed Of Trust Was Transferred To The Harborview Trust After Its Closing Date.**

"The first element [of this showing] may be satisfied by allegations that (1) the trustee or beneficiary failed to comply with the statutory procedural requirements for the notice or conduct of the sale; (2) the trustee did not have the power to foreclose; (3) the trustor was not in default, no breach had occurred, or the lender waived the breach; or (4) the deed of trust was void." *West v. JPMorgan Chase Bank, N.A.,* ___Cal. Rptr. 3d ___, 2013 WL 1104739, at 10 (2013). Here, Defendant US Bank as Trustee for Harborview Trust did not have the power to foreclose and the Deed of Trust was void.

US Bank as Trustee of Harborview Trust did not have a right to foreclose on Plaintiff's Property under California civil code § 2924(a)(1). Specifically, California Civil Code Section 2924(a)(1) identifies a proper party to initiate a non-judicial foreclosure process:

(1) The trustee, mortgagee, or beneficiary, or any of their authorized agents shall first file for record, in the office of the recorder of each county wherein the mortgaged or trust property or some part or parcel thereof is situated, a notice of default.

Here, on or around November 21, 2011, Defendant Recontrust as an "agent for the Beneficiary" executed and later recorded "Notice of Default" initiating non-judicial foreclosure process and identified Defendant US Bank as Trustee for Harborview Trust as a contact party to arrange for payment to stop the foreclosure.  However, the Deed of Trust identified America's Wholesale

Lender as a lender and CTC Real Estate Service as a trustee. Any purported rights of Defendant US Bank as Trustee for Harborview Trust as a "beneficiary" under California Civil Code Section 2924(a)(1) depend on whether there was a valid assignment made from America's Wholesale Lender to Defendant US Bank as Trustee for the Harborview Trust. There was an assignment of the Deed of Trust recorded by MERS ("Assignment"), transferring all beneficial under the Deed of Trust to Defendant US Bank as Trustee but the Assignment was executed years after the Closing Date of Harborview Trust, thus, such assignment is invalid under New York laws.[1] The Harborview Trust was formed on or around February 01, 2005 with the Trust's closing date of on or around February 28, 2005. Thus, Recontrust and Defendant US Bank as Trustee for Harborview Trust were absolute strangers to Plaintiff's Deed of Trust and Loan.

The PSA is a complex and voluminous document, which in addition to creating the Trust, also defines the rights, duties and obligations of the parties to the Trust Agreement. The Harborview Trust is governed by New York law.

---

[1] The bipartisan Congressional Oversight Panel observed, "New York trust law requires strict compliance with the trust documents; any transaction by the trust that is in contravention of the trust documents is void, meaning that the transfer cannot actually take place as a matter of law. Therefore, if the transfer for the notes and mortgages did not comply with the PSA, the transfer would be void, and the assets would not have been transferred to the trust." Congr. Oversight Panel, Oversight Report Examining the Consequences of Mortgage Irregularities for Financial Stability and Foreclosure Mitigation, at 19 (Nov. 16, 2010), available at http://cop.senate.gov/reports/library/report-111610-cop.cfm (internal footnote omitted) (hereinafter "Congressional Oversight Panel Report").

Under New York law, for a trust to be valid, there are four essential elements: (1) a designated beneficiary; (2) a designated trustee who is not the beneficiary; (3) a fund or other property sufficiently designated or identified to enable title thereto to pass to the trustee; and (4) actual delivery or legal assignment of the property to the trustee, with the intention of passing legal title to the trustee. *Brown v. Spohr,* 180 N.Y. 201, at 209-210 (N.Y. 1904).

Here, Plaintiff's Complaint sufficiently alleged that since Plaintiff's Note and Deed of Trust were assigned, if ever, to the Harborview Trust well past the February 28, 2005 Closing Date, the Assignment, if any, is invalid and unenforceable. Complaint, ¶¶ 38-41. *See* Plaintiff-Appellant's Excerpts of Record at pages 24-25. Assignment's failure to comply with the PSA is a sufficient basis for pleading its fabrication. *See Vogan v. Wells Fargo et al.,* No. 11-cv-2098-JAM-KJN, 2011 WL 5826016, at 7 (N.D. Cal.Nov. 11, 2011) ("Plaintiffs alleged that the recorded assignment was executed well after the closing date of the [trust] to which it was allegedly sold, giving rise to a plausible inference that at least some part of the recorded assignment was fabricated.").

Since Plaintiff's Deed of Trust and Note were purportedly transferred, if ever, to the Harborview Trust after its Closing Date in violation of New York laws, then the Assignment is invalid and unenforceable. Then the sale of Plaintiff's Property was illegal, fraudulent and willfully oppressive.

- 18 -

**B.    Plaintiff Is Not Required To Tender Because The Foreclosure Was Invalid And Not Merely Procedurally Flawed, And Because Plaintiff Attacked The Validity Of The Debt Owed To Defendant US Bank.**

"Under California law, the 'tender rule' requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt." *Montoya v. Countrywide Bank*, 2009 WL 1813937, at 11 (N.D. Cal. June 25, 2009) (citations omitted). But the tender rule is not absolute and "'[a] tender may not be required where it would be inequitable to do so.'" *Onofrio v. Rice,* 55 Cal. App. 4th 413, at 424 (1997) (quoting 4 Miller & Starr, Cal. Real Estate (2d ed. 1989) Deed of Trust & Mortgages, ¶9:154).

Plaintiff attacked the validity of the debt owed to Defendant US Bank as Trustee for Harborview Trust (Complaint ¶¶ 36-46, *See* Plaintiff-Appellant's Excerpts of Record at pages 24-26). Tender is not required when the action attacks the validity of the underlying debt because the tender would constitute an affirmation of the debt. *Lana v. US Bank, N.A.,* 2011 WL 6391584, at 14-16 (Cal. App. 6 Dist. Dec. 21, 2011) (identifying four exceptions to the tender rule); *Sacchi v. Mortgage Electronic Registration Systems Inc.,* No. CV 11-1658 AHM, 2011 WL 2533029, at 9-10 (citing *Onofrio v. Rice,* 55 Cal. App. 4th 413, at 424 (1997)); *Stockton v. Newman,* 148 Cal. App. 2d 558, at 564 (1957). Such a requirement would essentially require Plaintiff to affirm that he owes the very debt he is challenging. *Onofrio,* 55 Cal. App. 4th at 424. The court in *Vogan*,

- 19 -

recognizing that requiring tender would be inappropriate, explained: "Plaintiffs are not saying that U.S. Bank failed to follow the letter of California's statutory foreclosure law; they are claiming that U.S. Bank did not have standing to foreclose in the first place. Thus, relying on Onofrio, requiring Plaintiffs to tender the full amount of the indebtedness to an entity, U.S. Bank, that is allegedly not the beneficiary to the deed of trust in order to protect Plaintiffs' interest in the Property would be inequitable." *Vogan*, 2011 WL 5826016, at 7 (citing *Onofrio*, 55 Cal. App. 4th 413).

Here, the basis for Plaintiff's suit is that the foreclosure was invalid and not merely procedurally flawed, thus, compliance with the tender rule is not required at this stage. *See, e.g., Barrionuevo v. Chase Bank, N.A.,* 885 F. Supp. 2d 964, at 969 (N.D. Cal. 2012); *Tamburri v. Suntrust Mortg., Inc.,* No. CV 11-02899, 2011 WL 6294472 at 3 (N.D. Cal. Dec. 15, 2011) (citing *Sacchi v. Mortg. Elec. Registration Sys., Inc.,* No. CV 11-01658, 2011 WL 2533029 at 9-10 (C.D. Cal. June 24, 2011)).

Therefore, Plaintiff is not required to tender because the foreclosure was invalid and not merely procedurally flawed, and because Plaintiff attacked the validity of the debt owed to Defendant US Bank as Trustee for the Harborview Trust.

///

///

///

- 20 -

### C.   There Is Prejudice To Plaintiff Because US Bank Lacked Standing To Demand Payments Or Foreclose On Plaintiff's Property.

Defendant US Bank lacked standing under the Deed of Trust to demand payments or foreclose on Plaintiff's Property. *See Tamburri v.Suntrust Mortgage, Inc.,* No. CV 11-02899, 2011 WL 6294472 (N.D. Cal. Dec. 15, 2011) (finding prejudice where foreclosing entity initiated foreclosure prior to acquiring beneficial interest in deed of trust) ("Thus, assuming prejudice is required, the threat of foreclosure by the wrong party would certainly be sufficient to constitute prejudice to the homeowner."). As fully discussed above, Plaintiff's Deed of Trust was not transferred to US Bank as Trustee for the Harborview Trust until after its Closing Date, therefore, Defendant US Bank as Trustee does not have standing to demand payments or foreclose on Plaintiff's Property. In addition, Plaintiff was harmed in another specific way. In 2008, Plaintiff went to Countrywide's office in Beverly Hills at Wilshire and Camden and met with a representative. The representative told Plaintiff to stop paying the loan immediately because he could not determine who owned the Loan and even stated that "it was likely owned by more than 100 people." Complaint ¶ 62. *See* Plaintiff-Appellant's Excerpts of Record at page 29.

Therefore, since the Trustee's Sale was illegal, fraudulent and willfully oppressive, Plaintiff is not required to tender, and there is prejudice to Plaintiff, then Plaintiff stated a cause of action for setting aside the Trustee's Sale against Defendant US Bank as Trustee for the Harborview Trust. In addition, Defendant

- 21 -

Bank of America harmed Plaintiff in 2008 by urging Plaintiff to stop paying his

Loan immediately because "it was likely owned by more than 100 people."

## CONCLUSION

For the foregoing reasons, this Court should reverse the district court's

ruling dismissing Plaintiff's complaint without leave to amend and entering

judgement for Defendants with prejudice.


DATED: October 18, 2013                    Respectfully submitted,


                              By:    s/ Batkhand Zoljargal
                                     Batkhand Zoljargal
                                     Attorney for Appellant

## STATEMENT OF RELATED CASE

Pursuant to Ninth Circuit Rule 28-2.6, Appellant certifies that he is unaware of any related appeal pending in this court which arises out of the same district court as the present appeal.


DATED: October 18, 2013

By:   s/ Batkhand Zoljargal
Batkhand Zoljargal
Attorney for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to all counsel of record. Furthermore, I served the foregoing to all counsel of record by electronic mail.

By:    s/ Batkhand Zoljargal
       Batkhand Zoljargal
